NORTHWESTERN OHIO BUILDING & CONSTRUCTION TRADES COUNCIL,

APPELLANT, ET AL., *v.* OTTAWA COUNTY IMPROVEMENT

CORPORATION ET AL., APPELLEES.

**[Cite as *Northwestern Ohio Bldg. & Constr. Trades Council v. Ottawa Cty. Improvement Corp.,* 122 Ohio St.3d 283, 2009-Ohio-2957.]**

*Labor — Prevailing wage — R.C. 4115.03 — Prevailing-wage law applies only when public authority spends public funds to construct public improvement — Public improvement, by definition, must be constructed by a public authority or must benefit public authority.*

(No. 2008-1069 — Submitted March 25, 2009 — Decided June 30, 2009.)

APPEAL from the Court of Appeals for Ottawa County,

No. OT-07-017, 2008-Ohio-1852.

_____

SYLLABUS OF THE COURT

The prevailing-wage law applies only when a public authority, including an institution, spends public funds to construct a "public improvement," which by definition must be constructed by a public authority or must benefit a public authority. (R.C. 4115.03, construed.)

_____

LUNDBERG STRATTON, J.

**I. Introduction**

{¶ 1} We are asked to determine whether the mere expenditure of public funds by an institution defined as a public authority in R.C. 4115.03(A) triggers the prevailing-wage requirement set forth in R.C. 4115.03 et seq. We hold that the wage requirement is triggered only when an R.C. 4115.03(A) institution spends public funds to construct a public improvement, which by definition must

be constructed by a public authority or must benefit a public authority. Because the public funds herein were not spent on construction of a public improvement, we affirm the judgment of the court of appeals in holding that the prevailing-wage law does not apply.

## II. Facts and Procedure

{¶ 2} Appellee Fellhauer Mechanical Systems, Inc. ("Fellhauer") is a private, for-profit electrical, heating, cooling, and plumbing contractor located in Ottawa County. Fellhauer also has a retail business, which sells security systems, audio and video equipment, televisions, and home-theater systems.

{¶ 3} Fellhauer decided to purchase a building, the real property on which it stood, and office equipment and to renovate the portion of the building that was used for retail sales. Fellhauer financed the project through several sources, acquiring both public and private funding. Fellhauer applied for a loan from Ottawa County. The source of these funds was a Small Cities Community Developmental Block Grant, which consists of federal funds that are disbursed by the Ohio Department of Development ("ODOD"). Thus, Ottawa County filed an application for the grant on Fellhauer's behalf with the ODOD. The ODOD approved the grant, which expressly provided that Fellhauer was to use $300,000 of these funds to finance the purchase of the building, real property, and office machinery.[1]

{¶ 4} Fellhauer also acquired a loan for $36,750 from appellee Ottawa County Improvement Corporation ("OCIC"), which is a publicly funded corporation formed under R.C. 1724.10 to promote economic development in Ottawa County. This loan was funded by conveyance fees on real estate transfers within Ottawa County. Fellhauer also used these public funds to finance its purchase of the building, the property, and the office equipment.

---

1. Five thousand dollars of the grant was used to pay administrative expenses.

{¶ 5} Finally, in addition to the $40,000 of John Fellhauer's own money, he secured $308,250 in private funding. He used $135,000 to finance renovation of the building, and the remainder of the private funds was applied to the balance of the acquisition costs.

{¶ 6} Thus, Fellhauer used public and private funds to finance the purchase of the real property, a building, and office equipment, but used only private funds to finance the renovation of the building.

{¶ 7} Appellant Kevin J. Flagg (now deceased), a state taxpayer, and appellant Northwestern Ohio Building & Construction Trades Council ("appellants"), wrote to the Ottawa County prosecutor, stating that Fellhauer's project was subject to Ohio's prevailing-wage law, R.C. 4115.03 et seq., and demanding legal action to enforce the prevailing-wage law at the project.

{¶ 8} When the prosecutor failed to take any action, appellants filed a verified complaint seeking preliminary and permanent injunctive relief. Appellants alleged that failure to comply with the prevailing-wage law would cause irreparable harm once construction contracts were awarded in the Fellhauer project. The complaint asked the court to compel OCIC and Ottawa County to comply with the prevailing-wage law in connection with public funds they disbursed for the Fellhauer project. Appellants also sought to enjoin the awarding of any contracts in connection with the project until the project came into full compliance with the law.

{¶ 9} The trial court accepted appellants' assertion that Ottawa County and OCIC were institutions and public authorities as defined in R.C. 4115.03(A). However, the trial court held that the prevailing wage was not triggered, because expenditure of the funds did not benefit a public authority, but instead benefited Fellhauer, a private, for-profit corporation.

{¶ 10} The trial court also held that Fellhauer's project did not qualify as a public improvement to which the prevailing wage automatically applies under

R.C. 4115.032, which designates certain types of projects that are subject to R.C. Chapter 4115. The trial court concluded that Fellhauer's project was not an "eligible project" under this statute because (1) the project was not funded by the Director of Development and (2) the renovation of a retail sale facility is excluded from the purview of R.C. 4115.032 by R.C. 166.01(D). The trial court entered judgment for the county and OCIC.

{¶ 11} The court of appeals affirmed the judgment of the trial court on different grounds. The court of appeals reasoned that no entity that satisfied the definition of an institution as defined in R.C. 4115.03(A) had expended any funds on the Fellhauer project. Ottawa App. No. OT-07-017, 2008-Ohio-1852, ¶ 32.

{¶ 12} Alternatively, the court of appeals held that even if an institution as so defined was associated with the project, no public funds were spent on any construction, i.e., the public funds were used to finance purchase of real property, a building, and office equipment. Id. at ¶ 33.

{¶ 13} We have accepted Northwestern's discretionary appeal, which raises the following propositions of law: (1) "An R.C. Chapter 1724 'Community Improvement Corporation' is an 'institution' as defined by O.A.C. 4101:9-4-02(P), and a 'public authority' under R.C. 4115.03(A)," (2) "Expenditures of an institution supported in part by public funds trigger prevailing wage applicability under R.C. 4115.03(A) as a matter of law," (3) "An Administrative Rule, 4101:9-4-02(BB)(1)(d), cannot be construed in a way that restricts the application of Revised Code, 4115.03(A)," and (4) "Subdividing a single public improvement project into construction and acquisition component parts to avoid prevailing wage applicability violates R.C. 4115.033 and O.A.C. 4101:9-4-17(C)."

### III. Analysis

*A. Ohio's Prevailing-Wage Law*

{¶ 14} "The prevailing wage statutes, R.C. 4115.03 through R.C. 4115.16, require contractors and subcontractors for public improvement projects to pay

laborers and mechanics the so-called prevailing wage in the locality where the project is to be performed." *J.A. Croson Co. v. J.A. Guy, Inc.* (1998), 81 Ohio St.3d 346, 349, 691 N.E.2d 655.

{¶ 15} Prevailing wage applies to "construction projects that are 'public improvements' as defined in R.C. 4115.03(C): 'Public improvement' includes all buildings, roads, streets, alleys, sewers, ditches, sewage disposal plants, water works, and all other structures or works constructed by a public authority of the state or any political subdivision thereof or by any person who, pursuant to a contract with a public authority, constructs any structure for a public authority of the state or political subdivision thereof." *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations* (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134. To qualify as a public improvement, the project must be constructed by a public authority or must benefit a public authority. Id.; see also *U.S. Corr. Corp. v. Ohio Dept. of Indus. Relations* (1995), 73 Ohio St.3d 210, 219, 652 N.E.2d 766.

{¶ 16} A "public authority" is defined as "any officer, board, or commission of the state or any political subdivision of the state, authorized to enter into a contract for the construction of a public improvement or to construct the same by the direct employment of labor, or any institution supported in whole or in part by public funds and said sections apply to expenditures of such institutions made in whole or in part from public funds." R.C. 4115.03(A).

{¶ 17} Northwestern argues that an institution defined as a public authority in R.C. 4115.03(A) is distinguishable from other public authorities defined in the same provision in that once such an institution expends public funds, the prevailing-wage requirement applies automatically, regardless of whether the project meets the usual criteria set forth in the rest of the prevailing-wage statutes.[2] In support of this argument, Northwestern directs our attention to

4. OCIC's counsel conceded at oral argument that OCIC is an institution, and therefore a public authority, as defined in R.C. 4115.03(A).

the final phrase of R.C. 4115.03(A): "said sections [i.e., R.C. 4115.03 to 4115.16] apply to expenditures of such institutions made in whole or in part from public funds." This clause, Northwestern contends, "refers to the Prevailing Wage Law as a whole and independently triggers its application" where an institution expends public funds. In other words, when an institution expends public funds, the prevailing wage must be paid as a matter of law, regardless of the statutory criteria set forth elsewhere in the prevailing-wage law. Thus, Northwestern argues that prevailing wage is triggered merely upon an institution's expenditure of public funds to finance a project, regardless of whether the project involves actual construction of a "public improvement" as defined in R.C. 4115.03(C), which is normally required to trigger payment of prevailing wage. We disagree.

{¶ 18} The phrase "said sections apply" within R.C. 4115.03 must be read in its entirety: "said sections apply to expenditures of such institutions *made in whole or in part from public funds.*" (Emphasis added.) The intent is clear: the legislature wanted to stress that institutions, which, unlike the state or a political subdivision, may have private sources of funding, are still required to comply with the prevailing-wage law even if some of the expenditures come from private sources. The intent of this phrase was clearly not to saddle institutions with a prevailing-wage obligation every time they expend funds on any project.

{¶ 19} Moreover, Northwestern's argument that *any* spending of public funds by an R.C. 4115.03(A) institution would require payment of the prevailing wage would unjustifiably expand the scope of prevailing-wage law to include projects that are not public improvements, that are not constructed by a public authority, or that do not benefit a public authority. Therefore, just as with any other public authority, an institution's expenditure of public funds triggers the prevailing-wage requirement only when the project meets the statutory criteria for determining the applicability of prevailing wage, i.e., where a public authority using public funds contracts to construct a public improvement.

**{¶ 20}** Accordingly, we hold that the prevailing-wage law applies only when a public authority, including an institution, spends public funds to construct a "public improvement," which by definition must be constructed by a public authority or must benefit a public authority. See *Episcopal Retirement,* 61 Ohio St.3d at 369, 575 N.E.2d 134 (a project must be constructed "for a public authority" in order for the prevailing-wage statutes to apply); Ohio Adm.Code 4101:9-4-02(BB)(1) and (2) (defining "public improvement" as a structure "[c]onstructed" by or for a public authority).

### B. The Fellhauer Project

**{¶ 21}** Having concluded that the project at issue today must be subjected to the same prevailing-wage analysis as any other project, we turn now to the task of determining whether the prevailing-wage requirement applies under these facts.

**{¶ 22}** The Fellhauer project is not a "public improvement." That term is limited to "*all buildings, roads, streets, alleys, sewers, ditches, sewage disposal plants, water works, and all other structures or works* constructed by a public authority of the state or any political subdivision thereof or by any person who, pursuant to a contract with a public authority, constructs any structure for a public authority of the state or a political subdivision thereof." (Emphasis added.) R.C. 4115.03(C).

**{¶ 23}** Moreover, the Fellhauer project will not be (1) constructed (2) *by or for* a public authority as also required by R.C. 4115.03(C). *Episcopal Retirement,* 61 Ohio St.3d at 369, 575 N.E.2d 134. The only portion of the project that can possibly be "constructed" is the renovation portion, and that is being done by Fellhauer, using private funds. And none of the project, in fact, is destined to be used by or for any public authority. The entire project is for Fellhauer alone.

**{¶ 24}** The simple fact is that the Fellhauer project is not a "construction" of a "public improvement" by or for a public authority. Consequently, because no

public funds were used to finance any actual construction of a public improvement that benefits a public authority, the prevailing-wage requirement does not apply to the Fellhauer project.

{¶ 25} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Cosme, D'Angelo & Szollosi Co., L.P.A., and Joseph M. D'Angelo, for appellants.

Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross, and Nick A. Nykulak, for appellee Fellhauer Mechanical Systems, Inc.

Squire, Sanders & Dempsey, L.L.P., Vincent Atriano, David S. Farkas, and Matthew L. Sagone; Mark E. Mulligan, Ottawa County Prosecuting Attorney; and Kohli & Christie and Gary A. Kohli, for appellees Ottawa County Improvement Corporation and Ottawa County Board of Commissioners.

Calfee, Halter & Griswold, L.L.P., Peter A. Rosato, and Stanley J. Dobrowski, urging reversal for amicus curiae Mechanical Contractors Association of Ohio.

Ross, Brittain & Schonberg Co., L.P.A., Alan G. Ross, and Nick A. Nykulak, urging affirmance for amicus curiae Associated Builders & Contractors of Ohio, Inc.

_____